JAMES F. GREER v. SAMUEL VARNELL ET AL.

Decided November 27, 1901.

**Contract to Lease—Breach—Damages.**

On action for breach of a contract to lease premises for a mercantile business, proof of damages to plaintiffs, who were keeping a boarding house, by their loss of boarders dismissed in anticipation of entering upon the new business, was inadmissible; since they would have been dismissed if the contract had been performed, the loss did not result from its breach.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*J. B. Scarborough* and *R. A. Word,* for appellant.

*L. W. Campbell,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellees, Samuel Varnell and his wife, brought this suit against appellant to recover damages for breach of a lease contract. A verdict and judgment were rendered for the plaintiffs for $50, and the defendant has appealed.

The plaintiffs alleged that they were keeping a boarding house, which yielded them a certain profit; that desiring to change their avocation and enter the mercantile business, they made a contract with the defendant leasing from him certain premises suitable for that purpose; that he breached the contract, and among other items of damage sought to be recovered is $100 resulting from the loss of boarders, the plaintiffs alleging that when they made the lease contract with the defendant they notified their boarders that they would quit keeping boarding house, and several of them left and never returned.

The court charged the jury that the plaintiffs might recover as an element of actual damages for the loss resulting from their boarders leaving them, under the circumstances referred to. This charge is assigned as error upon the ground that damage resulting from loss of boarders is too remote; and we sustain the assignment. If the defendant had complied with the lease contract, the plaintiffs would have immediately changed their business and ceased to derive any profit from keeping boarders; so that loss did not result from the defendant's breach of the contract, and would have been sustained if he had complied with it. This being the case, the court erred in submitting it as an element of damages; and, although the plaintiffs submitted testimony in reference to other items of damage amply sufficient to sustain the verdict, still there being some conflicting testimony as to those items, we do not know that the jury did not allow anything for the loss of boarders.

The other assignments point out no error, and are overruled.

*Reversed and remanded.*